425 F.2d 818
 74 L.R.R.M. (BNA) 2317
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DINO BOUTIQUES, INC., and its affiliated and subsidiary
companies, M.J.A. Processing Corp., Pantwood,
Inc., Pantops, Inc., and E.M.M.
Manufacturing, Inc., Respondents.
 No. 28611.
 United States Court of Appeals, Fifth Circuit.
 May 18, 1970.
 
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., Harold A. Boire, Director, Region 12, N.L.R.B., Tampa, Fla., Daniel M. Katz, Atty., N.L.R.B., Washington, D.C., for petitioner.
 Joseph A. Caldwell, Joseph A. Perkins, Miami, Fla., for respondents.
 Before JOHN R. BROWN, Chief Judge, and BELL and INGRAHAM, Circuit judges.
 PER CURIAM:
 
 
 1
 This case is before the court on the petition of the National Labor Relations Board pursuant to 10(e) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. 151 et seq.), for enforcement of its order against Dino Boutiques, Inc. and its affiliated and subsidiary companies, M.J.A. Processing Corp., Pantwood, Inc., Pantops, Inc., and E.M.M. Manufacturing, Inc. (hereafter 'the Company') on December 6, 1968. The Board's Decision and Order are reported at 173 NLRB No. 174.
 
 
 2
 Briefly, the Board found that the Company violated 8(a)(5) and (1) of the Act by refusing to bargain with the Union which had been certified by the Board as the exclusive bargaining representative of the Company's employees following the election proceedings. The Board also found that the Company's refusal to bargain caused and prolonged a strike by its employees.
 
 
 3
 The Board affirmed the Trial Examiner's findings that the Company had violated 8(a)(5) and (1) of the Act by refusing to bargain with the Union after it had been duly certified as the bargaining agent in an appropriate unit of the Company's employees, and that the subsequent strike was an unfair labor practice strike.
 
 
 4
 The Board ordered the Company to cease and desist from the unlawful conduct found. Affirmatively, the Company was directed to bargain collectively upon request with the Union, to reinstate strikers within five days of their unconditional application at the termination of the strike, to make striking employees whole for any loss of pay occasioned by its failure to comply with the order requiring reinstatement, and to post the appropriate notices in Spanish and English.
 
 
 5
 The findings of the Board are supported by substantial evidence and its Order will be enforced.